**TEXAS & NEW ORLEANS RAILROAD COMPANY, Appellant,**

v.

**James M. EVERSOLE, Appellee.**

**No. 12775.**

Court of Civil Appeals of Texas.

Galveston.

Dec. 16, 1954.

Rehearing Denied Jan. 13, 1955.

Stofer, Proctor, Houchins & Anderson, Conde N. Anderson, Victoria, for appellant.

L. F. Hardin, Rosenberg, Smith & Lehmann and M. A. Lehmann, Houston, for appellee.

GRAVES, Justice.

This is a suit brought by the appellee, Eversole, for injuries sustained while work-ing for the railroad employer, Texas & New Orleans Railroad Company, under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60.

Eversole claimed that he fell from a bridge near Flatonia, Texas, while working thereon.

Based upon a verdict of a jury, the trial court rendered and entered a judgment against the defendant, Texas & New Orleans Railroad Company, in favor of the plaintiff, James M. Eversole, for the sum of $22,500.

In its appeal from such action by the trial court, the appellant states 8 points of alleged error, the substance of which is this: (1) The court's definition of the term "injury" in its first issue to the jury was too broad and was not limited to the occurrence made the basis of this suit; (2) The trial court erred as a matter of law in not instructing the jury, at appellant's request, that it was not under a duty to furnish to the appellee, its employee, drift-bolts with which to do the work he was put at which were free from rust; (3) The answers of the jury to Special Issues Nos. 4 and 5, asking the jury if the furnishing by appellant to appellee of the drift-bolt in the condition it was in constituted negligence that was a proximate cause of his injury, were both so against the great weight and preponderance of the evidence as to be clearly wrong; (4) The trial court erred in not having instructed the jury, as requested by the appellant, that as a matter of law, it was under no duty to furnish the appellee with a helper on the occasion that so became the subject matter of this suit.

None of appellant's assignments, it is determined, should be sustained.

In the first place, these assignments seem to indicate that appellant has overlooked these two structural conditions appearing in this record: (1) Appellee, Eversole, brought this suit under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, for damages resulting from injuries sustained while working for appellant, T. & N. O. R. R. Co., on or about the 15th day of July.

1952, when he fell, while working on one of defendant's bridges in interstate commerce. (2) As being in compliance with Rules 277 and 279 of T.R.C.P., requiring the submission to the jury of all the controlling issues of fact raised by both the pleading and evidence, it submitted (omitting all explanatory details) this great number of detailed special issues:

No. 1. "Do you find from a preponderance of the evidence that about the middle of July, 1952, the plaintiff, James M. Eversole, sustained injury or injuries to his body?"

No. 2. "Do you find * * * (etc) that James M. Eversole sustained such injury or injuries, if any, in the course and scope of his employment for Texas & New Orleans Railroad Company?

\*       \*       \*       \*       \*       \*

"You are instructed that by the term 'injury or injuries, if any, in the course and scope of his employment', as used in this charge, is meant an injury, or injuries, having to do with and originating in the work, business, trade, or profession of an employer received by an employee while engaged in and about the furtherance of the affairs or business of an employer, whether on the premises of said employer or elsewhere."

No. 3. "Do you find * * * (etc) that on the occasion in question Texas & New Orleans Railroad Company, through its agents, furnished a drift-bolt which was defective from rust?"

No. 4. "Do you find * * * (etc) that furnishing such drift-bolt in such condition, if you have so found, was negligence as that term has been defined herein?"

No. 5. "Do you find * * * (etc) that such negligence, if any, was a proximate cause of the injuries, if any, to James M. Eversole?"

No. 6. "Do you find * * * (etc) that Texas & New Orleans Railroad Company, through its agents, failed to furnish plaintiff with a helper to assist in the work of pulling the drift-bolt on the occasion in question?"

No. 7. "Do you find * * * (etc) that such failure, if any, was negligence as that term has been defined herein?"

No. 8. "Do you find * * * (etc) that such negligence, if any, was a proximate cause of the injuries, if any, of James M. Eversole?"

No. 9. "Do you find from * * * (etc) that Texas & New Orleans Railroad Company, through its agents, failed to furnish James M. Eversole with a reasonably adequate claw-bar for the job of pulling drift-bolts on the occasion in question?"

No. 10. "Do you find * * * (etc) that such failure, if any, was negligence as that term has been defined herein?"

No. 11. "Do you find * * * (etc) that such negligence, if any, was a proximate cause of the injuries, if any, of James M. Eversole?"

No. 12. "Do you find * * * (etc) that Texas & New Orleans Railroad Company, through its agents, at the time and on the occasion in question, failed to provide guard-rail along the side of the bridge in question?"

No. 13. "Do you find * * * (etc) that failure, if any, was negligence as that term has been defined herein?"

No. 14. "Do you find * * * (etc) that such negligence, if any, was a proximate cause of the injuries, if any, of James M. Eversole?"

No. 15. "Do you find * * * (etc) that hazards inherent in the work in which James M. Eversole was engaged was the sole proximate cause of the injuries, if any, to James M. Eversole?

"By the term 'sole proximate cause,' as used in the foregoing special issue, is meant the only proximate cause. There may be only one sole proximate cause of an event.

"By the term 'hazards inherent in the work,' as used in the foregoing special issue, is meant risks which are, in their very nature, incident to the duties which the employee has·contracted to perform and which

exists after the employer has performed fully and completely all of its legal duties to the employee."

No. 16. "Do you find * * * (etc) that on the occasion in question James M. Eversole was negligent in standing as near to the edge of the bridge as he did?"

No. 17. "Do you find from a preponderance of the evidence that such act, if any, was a proximate cause of the injuries, if any, to James M. Eversole?"

No. 18. "Do you find * * * (etc) that on the occasion in question James M. Eversole was negligent in the manner in which he handled the claw bar in question?"

No. 19. "Do you find * * * (etc) that such failure, if any, was a proximate cause of the injuries, if any, to James M. Eversole?"

No. 20. "Do you find * * * (etc) that the negligence, if any, of James M. Eversole contributed to the occurrence made the basis of this suit?"

No. 21. "Do you find * * * (etc) that the occurrence made the basis of this suit was not the result of an unavoidable accident?

*　　*　　*　　*　　*　　*

"By the term 'unavoidable accident' is meant the happening of an event which occurs without the negligence of either James M. Eversole or Texas & New Orleans Railroad Company, or any of its agents or employees being a proximate cause thereof."

No. 22. "What sum of money, if any, if paid now in cash, do you find * * * (etc), will fairly and reasonably compensate James M. Eversole for his injuries, if any, suffered by him, directly and proximately caused by the negligence, if any, of Texas & New Orleans Railroad Company, or its agents, servants, or employees, taking into consideration the following elements of damage and none other:

"(a) Physical pain and mental suffering, if any, suffered by James M. Eversole from on or about July 15, 1952 to the time of this trial as a direct result of his injuries if any, directly and proximately caused by the negligence, if any, of Texas & New Orleans Railroad Company.

"(b) Physical pain and mental suffering, if any, that will in reasonable probability be endured by James M. Eversole in the future beyond the date of this trial as a direct result of his injuries, if any, directly and proximately caused by the negligence, if any, of Texas & New Orleans Railroad Company.

"(c) The reasonable value to James M. Eversole of his lost earnings, if any, as a direct result of his injuries, if any, directly and proximately caused by the negligence, if any, of Texas & New Orleans Railroad Company from on or about July 15, 1952 down to the date of this trial.

"(d) The reasonable present cash value of the losses, if any, that James M. Eversole will in reasonable probability sustain beyond the date of this trial as a result of the diminished earning capacity, if any, resulting from his injuries, if any, directly and proximately caused by the negligence, if any, of the defendant, Texas & New Orleans Railroad Company.

"(e) The reasonable present cash value of the medical expenses, if any, to be incurred by James M. Eversole beyond the date of this trial, for necessary treatment of his injuries, if any, directly and proximately caused by the negligence, if any, of Texas & New Orleans Railroad Company."

The jury answered every one of such detailed inquiries in the appellee's favor, as follows: Nos. 1 to 8, inclusive, "Yes." No. 9, "No." Nos. 10 and 11, not answered. No. 12, "Yes." No. 13, "No." No. 14, not answered. Nos. 15 and 16, "No." No. 17, not answered. No. 18, "No." Nos. 19 and 20, not answered. No. 21, "It was not the result of an unavoidable accident." No. 22, "$22,500.00."

This Court, after painstaking examinations of the record, is unable to agree with appellant that any of the answers the jury

so made lack evidence to sustain them; especially must it overrule appellant's contentions under its third and fourth points upon this appeal, to the effect that the answers of the jury to Special Issues Nos. 4 and 5 were so against the great weight and preponderance of the evidence as to be clearly wrong, the substance of such points being this: (3) "the greater weight of the testimony shows that bolts defective from rust were not placed in the bridge in question, and that even old bolts which had remained in the bridge for a long period of time could be safely pulled with the equipment furnished to plaintiff," and (4) "the answer of the jury to Special Issue No. 5 is against the great weight and preponderance of the evidence, in that the greater weight of the testimony shows that even a rusty bolt could be safely pulled with the equipment furnished to plaintiff, and that plaintiff's fall, if any, could only have been caused by his own negligence."

As indicated, this Court is unable to see eye to eye with appellant concerning these two findings, but, on the contrary, holds that the evidence fully sustained the jury's answers to those two inquiries.

Without further discussion, it is determined that the trial court's findings of both fact and law have proper support in the evidence it heard and for the verdict of the jury it properly approved, and that none of the other contentions of appellant, including its contention that the juror Oshman was shown in voir dire examination to have had a claim against the appellant, Railroad Company, herein, can be sustained; in that the evidence fully sustained the trial court's holding that no evidence was produced which showed or tended to show that such juror ever in fact had a claim against the appellant, Railroad Company.

Further discussion of this extended record is deemed unnecessary, since these conclusions are thought to determine the merits of the appeal adversely to appellant.

The judgment will, accordingly, be affirmed.

Affirmed.